**In re Andrew J. COMOSE, Jr., Debtor.**

**Angelo DiGIACOPO and Concetta DiGiacopo, his wife, successor in interest to Michael Andryjowycz and Ludmilla Andryjowycz, Plaintiffs,**

v.

**Andrew J. COMOSE, Jr., Defendant.**

**Bankruptcy No. 80–01475–BKC–SMW.
Adv. No. 80–0335–BKC–SMW–A.**

United States Bankruptcy Court,
S. D. Florida.

Dec. 23, 1980.

Walter M. Dingwall, Fort Lauderdale, Fla., for plaintiffs.

William D. Beamer, Fort Lauderdale, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on to be heard upon the petitioning creditors' Complaint to Release Stay on Real Property. The Court, having heard the testimony of the witnesses and examined the evidence presented, having observed the candor and demeanor of the witnesses, having considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law.

The debtor/defendant filed a voluntary petition under Chapter 11 of the Bankruptcy Code on November 12, 1980. The major asset in the debtor's estate is a fourteen unit apartment building located in Broward County. The debtor purchased this build-

ing from the petitioners who have brought this adversary complaint.

The petitioners sold this building to the debtor/defendant in 1978 for the approximate sum of $235,000.00. The property was purchased subject to first, second and third mortgages.

Since December of 1979, the debtor/defendant has failed to make payments on the first mortgage. In addition, no mortgage payments have been made on the second and third mortgages since February of 1980 and September of 1979, respectively.

The plaintiffs are the holders of the second and third mortgages and pursuant to the aforesaid defaults, brought foreclosure proceedings against the debtor/defendant in the Circuit Court of the 19th Judicial Circuit in and for Broward County, Florida. On the eve of the foreclosure sale, the debtors filed their petition thereby staying the state court action. The plaintiff now seeks to have the automatic stay lifted in order to allow the state court foreclosure action to proceed to sale.

The plaintiff contends that his security is not adequately protected and that whatever, if any, equity the debtor/defendant has in this property has been rapidly diminishing on a daily basis.

The plaintiff presented testimony from a real estate appraiser who was familiar with the property and who had recently visited the premises. He testified that the building was in a dilapidated condition and in need of extensive repairs such as painting, window rescreening and landscaping. Photographs of the property were introduced into evidence as plaintiffs' Composite exhibit # 1. The appraiser's estimate of the value of this property, in good condition, was $22,000.00 and up, per unit. The valuation he placed on this property, in its present condition, was "well under $22,000.00 a unit."

The debtor/defendant elicited the opinion of a real estate appraiser who was familiar with the property and who had recently visited the premises. In addition, the ap-

praiser has an exclusive listing with the debtor for the sale of the property. He testified that the building was currently undergoing extensive renovations in order to improve the marketability of the property. The realtor further testified that to date, he has received numerous offers on the property, all in excess of $300,000.00, but all contingent upon the assumability of the mortgage notes.

The debtor/defendant then testified that a plan of reorganization would be forthcoming within the statutory period as provided by the Bankruptcy Code. He testified that the plan would involve the sale of these premises and, accordingly, would be necessary for the effective reorganization of the debtor.

Section 362(d) of the Bankruptcy Code provides as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

Based upon the testimony of both appraisers, the Court finds that the petitioning creditors are adequately protected. According to the testimony, there is the following outstanding indebtedness on the property: $107,764.74 on the first mortgage, $76,353.23 on the second mortgage, and $56,121.80 on the third mortgage. (Although there was testimony regarding a fourth mortgage, it is not a necessary consideration as it is a subordinate note to the petitioners' claim.) The total liability of the first three notes is therefore, approximately $240,000.00. By using the conservative figures of the petitioners' appraiser, the Court finds that even at $20,000 per

unit, a sale of the fourteen unit building would gross $280,000.00, which would be more than adequate to retire the debt of the first three mortgages. The Court, after reviewing the photographs in evidence, also finds that because of the renovations being done on the property, there is very little chance that the premises are diminishing in value.

The Court also finds that the debtor has an equity in the property. The debtor/defendant's appraiser testified that he has already received contracts on the property, with the minimum offer being $310,000.00, which clearly establishes an equity in the property.

And, finally, the Court finds that this property is necessary for the effective reorganization of the debtor. It is quite apparent, that because this building is the predominant asset of the debtor's estate, that it is essential for a successful plan of reorganization.

In accordance with the foregoing, the relief being sought by the petitioning creditors is hereby denied.

A judgment will be entered in accordance with these findings and conclusions.